UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| SIXTY-EIGHT THOUSAND, FIVE HUNDRED AND FORTY-FIVE DOLLARS ($68,545.00) U.S. CURRENCY, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>VERIFIED COMPLAINT OF FORFEITURE</u>**

The United States of America, by and through its attorneys, Carrie Costantin, Acting United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, for said district, and in a civil cause of action for forfeiture respectfully states as follows:

1. In this *in rem* civil action, the United States seeks forfeiture of certain property, pursuant to the provisions of Title 21, United States Code, Section 881.

2. Subject Matter Jurisdiction of this Court is based on Title 28, United States Code, Sections 1345, 1355(a), and Title 21, United States Code, Section 881. *In rem* jurisdiction is based on Title 28, United States Code, Section 1355. Venue is proper in this district pursuant to Title 28, United States Code, Section 1355 & 1395 and Title 21, United States Code, Section 881(j).

3. The defendant property was furnished or intended to be furnished in exchange for controlled substances in violation of the Controlled Substances Act, Title 21, United States Code, Section 801 et seq., was proceeds traceable to such an exchange, or was used or intended to be

1

used to facilitate such an exchange. The defendant property is therefore subject to forfeiture to the United States of America, under the provisions of Title 21, United States Code, Section 881(a)(6).

4. The defendant property was seized in the Eastern District of Missouri and is now, and during the pendency of this action, will be in the jurisdiction of this court.

5. On April 6, 2017, $68,545.00 U.S. currency (hereafter "Defendant Property") was seized from Luis Fernando Silva by the St. Charles County Regional Drug Task Force (hereafter, the "SCCRDTF"). The plaintiff alleges the Defendant Property is subject to forfeiture and for its reasons, states as follows:

6. On April 6, 2017, DEA Task Force Officers from the St. Charles County Police Department were patrolling Interstate Highway 70 (I-70) near mile marker 205 in Foristell, Missouri. Officers saw a white Hyundai Sonata with Colorado license 896XFG traveling west in the fast lane.

7. Officers witnessed the vehicle commit a traffic violation and conducted a traffic stop near the Highway W exit, in Foristell, Missouri. During the stop, officers identified the driver as Luis Fernando Silva (hereafter, "Silva"). Officers determined Silva rented the vehicle.

8. During the initial contact with Silva, officers noticed an odor associated with marijuana emanating from the vehicle. Officers obtained verbal consent to search Silva's vehicle due to possible narcotics inside. During the search, officers located a backpack behind the front passenger seat. The backpack contained a newspaper, laptop computer, numerous documents and the Defendant Property.

9. Some of the documents found indicated that a fake business was created as a front to sell narcotics. One handwritten document listed, "set up store front with either fitness equipment or clothes" and "burner phone".

10. A trained drug detection dog was used and alerted to the odor of a controlled substance associated with the U.S. currency.

11. Silva said that he flew via commercial aircraft from California to Ohio for business and was returning to California via a rental car. Silva stated that his current trip was for work, but that he was taking his time driving back. Silva later said the trip was for both personal and business, but that it was "more personal". When asked where the money found in his vehicle came from, Silva explained that it was from gambling. Silva stated that he planned on placing a big bet on baseball. Silva stated that his friends had pooled their money together, and along with some of his own money, Silva was planning on using the pooled money to make a bet in Las Vegas. When asked how much of the Defendant Property found in the vehicle belongs to him, Silva said "a couple thousand". When asked to clarify if his portion was about "two thousand dollars", Silva agreed that it was about that amount.

12. Silva would not disclose the identities of any of the individuals who gave him money. Silva specifically stated that the money was not casino winnings and that the money had nothing to do with his work. When asked if he would receive any compensation for his expenses incurred while driving the money to Las Vegas, Silva stated that the expenses would be split among the unidentified owners of the money. Silva was asked to provide telephone numbers for the alleged money owners so investigators could contact them to confirm the story and Silva refused.

13.     The only person known to have a possible interest in the defendant property is Luis Fernando Silva.

14.     By reason of these premises, the defendant property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 881.

WHEREFORE, Plaintiff prays that a Warrant for Arrest be issued for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the plaintiff be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

*/s/ Stephen Casey*
STEPHEN CASEY, #58879MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200

## **VERIFICATION**

I, Task Force Officer, Patrick M. Welch, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer of the Bureau of Drug Enforcement Administration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 09/12/2017
             (date)

TFO P. M. Welch
Patrick M. Welch
Task Force Officer
Drug Enforcement Administration